UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUSTIN KLICH,

                    Petitioner,                    Case Number 2:14-cv-12137
                                                  Honorable Gershwin A. Drain

RANDALL HAAS,

                    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

This matter is before the Court on Petitioner Austin Klich's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner challenges his Saginaw Circuit Court guilty plea conviction of twenty-two counts of first-degree criminal sexual conduct. As a result of these convictions, Petitioner was sentenced to twenty-two concurrent terms of 14-to-40 years imprisonment. The petition claims that Petitioner's statement to police was elicited without being informed of his *Miranda* rights.[1] The Court will deny the petition because the claim is without merit. The Court will also deny Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

**I. Facts and Procedural History**

Petitioner's conviction stems from a March 21, 2011, complaint by an eleven-year-old girl that she was sexually assaulted by Petitioner, who was sixteen years old when the offense occurred. Petitioner was born on March 24, 1994.

After charges were brought against Petitioner, he filed a motion to suppress his statement

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

to police, and the trial court held an evidentiary hearing. The investigating officer, Detective McAllister, testified at the hearing that he picked up Petitioner for an interview at a relative's house on April 29, 2011. McAllister asked Petitioner if he was willing to talk to him regarding a criminal investigation. McAllister testified that he then asked Petitioner if he would agree to be interviewed at the police station because there was recording instruments there. Petitioner agreed, and McAllister drove him to the station, located about ten miles away.

When they arrived at the station McAllister told Petitioner that he was not under arrest, he was not required to make any statements, and he was free to leave at any time. He did not give Petitioner *Miranda* warnings. McAllister could not remember whether he told Petitioner that making a statement would benefit him or whether he told Petitioner that this was his opportunity to give his side of the story. McAllister did not ask Petitioner if he could read and right, how far he went in school, whether he was receiving counseling and therapy, or whether he was a special education student. These preliminary statements were not recorded.

McAllister testified that he then interviewed Petitioner from 1:30 to 2:32 p.m. After the first half-hour of the interview, McAllister found that the recording equipment was not functioning, and he conducted a second interview lasting about another half-hour which was successfully recorded. Petitioner made incriminating statements during the interview. Following the interview, McAllister did not arrest Petitioner but gave him a ride home.

After the hearing, the trial court found that McAllister did not delay the interview until Petitioner was seventeen years old as a tactic to avoid the requirement that Petitioner's parents be informed, or that the officer intentionally disabled the recording equipment. The court also found that Petitioner was not in custody at the time of the interview.

-2-

Petitioner later entered a conditional guilty plea. The plea agreement called for a minimum sentence not to exceed fourteen years, and the opportunity to appeal the *Miranda* issue.

Following his conviction and sentence, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> I. In the totality of the circumstances the statements made by defendant/appellant to police during questioning must be suppressed as a result of being obtained in violation of the right of defendant against involuntary confession or alternatively his right to counsel.

While the issue heading refers to Petitioner's statement being involuntary, the appellate brief only presented an argument regarding an alleged violation of *Miranda*.[2] The Michigan Court of Appeals affirmed Petitioner's conviction "for lack of merit in the grounds presented." *People v. Klich*, No. 314100 (Mich. Ct. App. Feb. 21, 2013). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim. The Michigan Supreme Court denied the application because it was not persuaded that the question presented should be reviewed. *People v. Klich*, 832 N.W.2d 230 (Mich. 2013) (table).

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the

---

[2] The Court therefore finds that any involuntariness claim has not been exhausted. 28 U.S.C. §2254(b). The Court will therefore proceed to the merits of Petitioner's exhausted *Miranda* claim. 28 U.S.C. §2254(b)(2).

facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have

-4-

supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979)(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

### III. Analysis

Petitioner asserts that the trial court erred in failing to suppress his statement to McAllister because he was not read his *Miranda* rights though he was subjected to a custodial interrogation. The trial Court rejected the argument on the ground that Petitioner was not in custody. Petitioner presented his claim to the Michigan Court of Appeals, but it rejected the delayed application for leave to appeal "for lack of merit in the grounds presented."

The fact that the Michigan Court of Appeals did not discuss Petitioner's claim, but

-5-

summarily denied his application for leave to appeal does not eliminate the deference the Court must accord the state court decision under § 2254(d). In fact, *Harrington, supra,* teaches that in this situation a Court must consider *any* possible explanation for the state appellate court's decision to deny leave to appeal. *See Harrington*, 131 S. Ct. at 786 (emphasis added); *Sadler v. Howes*, 541 F. App'x 682, 687-89 (6th Cir. 2013) (giving AEDPA deference to Michigan Court of Appeals' summary order denying leave to appeal for lack of merit in the grounds presented); *Werth v. Bell*, 692 F.3d 486, 493-94 (6th Cir. 2012) (same). Accordingly, the question here is whether any reasonable argument consistent with established Supreme Court law could support the state court decision summarily rejecting Petitioner's claim.

Turning to the claim itself, police officers are not required to administer *Miranda* warnings to every person whom they question; nor are they required to administer *Miranda* warnings simply because the questioning takes place in a police station or because the questioned person is one whom the police suspect. *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977). *Miranda* warnings are required "only where there has been such a restriction on a person's freedom as to render him 'in custody.'"

Two discrete inquiries are essential to determining whether a criminal suspect was in custody at the time of interrogation, and therefore entitled to *Miranda* warnings: (1) what were the circumstances surrounding the interrogation? and (2) given those circumstances, would a reasonable person have felt that he or she was not at liberty to terminate the interrogation and leave? *See Thompson v. Keohane*, 516 U.S. 99, 112 (1995). The initial determination of whether a suspect is in custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by the interrogating officer. *See Stansbury v. California*, 511 U.S. 318, 323 (1994). Stated differently, a policeman's unarticulated plan has no bearing upon whether a suspect is "in custody,"

so as to require *Miranda* warnings. Instead, the relevant inquiry is "how a reasonable man in the suspect's position would have understood his situation." *See Berkemer v. McCarty*, 468 U.S. 420, 442 (1984).The age of a juvenile is relevant to an analysis of whether the child was "in custody" for *Miranda* purposes. *J.D.B. v. North Carolina*, 131 S. Ct. 2394, 2402-03 (2011).

Here, a reasonable argument can be made that Petitioner was not in custody during the interview with McAllister. A reasonable person in Petitioner's position would not have felt that he was not at liberty to terminate the interview and leave. McAllister did not force Petitioner to accompany him to the police station, nor was he placed under arrest. Rather, McAllister testified that he merely asked whether Petitioner was willing to discuss the investigation, and Petitioner agreed to do so. At the station, Petitioner was told that he was free to leave at any time. In fact, at the end of the interview Petitioner was driven home by McAllister. Despite the fact that Petitioner was only seventeen years old, given these facts the state court could reasonably conclude in light of clearly established Supreme Court law that Petitioner was not in custody when he was questioned. Therefore, McAllister was not required to inform Petitioner of his *Miranda* rights before questioning him. *See Mason v. Mitchell*, 320 F.3d 604, 631 (6th Cir. 2003) (defendant was not in custody despite two interrogations at police station, one lasting almost four hours, as he was repeatedly told that he was free to leave when he wished and he admitted that he voluntarily answered the officer's questions).

Petitioner asserts that the state court decision was unreasonable in light of the Supreme Court's decision in *Kaupp v. Texas*, 538 U.S. 626 (2003). In that case the Supreme Court held that a seventeen-year-old suspect was in custody when he was awakened at three in the morning by at least three police officers. He was taken out of the house in handcuffs, without shoes, dressed only

in his underwear in January, placed in a patrol car, driven to the scene of a crime and then to the sheriff's office, where he was taken into an interrogation room and questioned. Clearly, the present case is reasonably distinguishable. Petitioner was not put in handcuffs or otherwise manhandled as the suspect in *Kaupp*. Rather, Petitioner was asked and agreed to accompany McAllister to the police station. Simply put, *Kaupp* in no way required the state court to find that Petitioner was in custody at the time of his interrogation.

Accordingly, the Court finds that the state court adjudication of Petitioner's claim was not contrary to, or an unreasonable application of clearly established Supreme Court law. The petition will therefore be denied.

## IV. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. The Court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the Court's assessment of Petitioner's claim. The Court

will also deny permission to appeal in forma paueris because any appeal would be frivolous.

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is

**DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is **DENIED.**


/s/Gershwin A Drain
Honorable Gershwin A. Drain
United States District Judge

Dated: December 31, 2014